IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| TAMMIE MARIE JAMISON, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 7:20-cv-00006-M-BP |
| | § |
| ANDREW M. SAUL, | § |
| Commissioner of Social Security, | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Dismiss, ECF No. 8, filed on April 10, 2020, and the Court's order dated July 2, 2020, construing the Motion as a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56. ECF No. 12. By that Order, the Court converted the Motion to Dismiss to a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* Despite several notices and warnings, Plaintiff never filed a response to Defendant's Motion. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendant's Motion to Dismiss, ECF No. 8, construed as and converted to a Motion for Summary Judgment under Rule 56, and **DISMISS** Plaintiff's claims with prejudice.

**BACKGROUND**

Plaintiff Tammie Marie Jamison ("Jamison") filed an application for supplemental security income on October 6, 2017, alleging that her disability began on October 1, 2017. ECF No. 8-1 at 9. The Commissioner denied her claim initially and on reconsideration on May 31, 2018, and Jamison requested a hearing. *Id.* A video hearing was held on March 14, 2019, before

Administrative Law Judge ("ALJ") Sylke Merchan, with Jamison appearing *pro se* in Wichita Falls, Texas, and the ALJ presiding in Oklahoma City, Oklahoma. *Id.* Vocational Expert Catherine Michaels testified at the hearing. *Id.* The ALJ issued a decision on August 7, 2019, finding that Jamison was not entitled to disability benefits. *Id.* at 19. The ALJ mailed a copy of the decision to Jamison. *Id.* at 3.

On October 21, 2019, the Appeals Council denied Jamison's request for review and mailed her a copy of the denial. *Id.* Jamison then filed her Complaint against the Commissioner of the Social Security Administration on January 17, 2020, seeking judicial review of the Commissioner's denial. ECF No. 1. Jamison attached a copy of the Appeals Council's notice of action and decision to the Complaint. *Id.* at 5-9. She also included a statement addressed "To whom it may concern" explaining "[t]he reason why I miss my deadline." *Id.* at 4. She stated that she inquired by telephone (presumably of the Social Security Administration) where her case stood and was told that she "had to go to the courthouse to file a federal appeal." *Id.* Jamison states that "[h]e didn't explain to me that I had a deadline at a certain time to file, I didn't know." *Id.* She concludes that she is "not trying to make any kind of excuse" but "really did not know about a deadline and that's the God's truth, so I will go and file." *Id.*

Defendant filed the instant Motion to Dismiss arguing that Jamison's Complaint must be dismissed because it was filed beyond the sixty-day statute of limitations. ECF No. 8. On April 13, 2020, the undersigned ordered Jamison to respond to Defendant's Motion. ECF No. 9. Jamison did not respond. By Order dated May 8, 2020, the Court *sua sponte* extended the deadline for response to May 22, 2020. ECF No. 10. Jamison did not respond. Due to the evidence offered and relied upon by Defendant, by Order dated July 2, 2020, the Court construed the Motion as a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56, and notified

Jamison that Defendant's Motion placed matters outside of the pleadings. ECF No. 11. In that Order, the Court ordered her to file a response, pursuant to Federal Rule of Civil Procedure 56, and Local Civil Rules 7.1(d), 7.2, 56.5, and 56.6, on or before July 24, 2020. Jamison did not file a response.

## LEGAL STANDARD

Under circumstances such as those present in this case, Defendant's Motion to Dismiss must be converted into a Motion for Summary Judgment. In *Triplett v. Heckler*, the Fifth Circuit found that the lower court erred when it applied Federal Rule of Civil Procedure 12(b)(1) to the Commissioner's motion to dismiss for exceeding the sixty-day deadline when it should have converted the Rule 12(b) motion to dismiss into a Rule 56 motion for summary judgment. 767 F.2d 210, 211-12 (5th Cir. 1985). Rule 56(c) governs the standard of review because the 60-day timeliness requirement is an affirmative defense, not a jurisdictional bar, and the lower court considered materials outside the pleadings. *See id.* As in *Triplett*, the Commissioner has raised the statute of limitations as an affirmative defense and attached a declaration of Dexter Potts, Acting Branch Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, to support its Motion to Dismiss that requires the Court to look outside the pleadings. ECF No. 8-1 at 1–4. Accordingly, the Court construes Defendant's Motion to Dismiss as a Motion for Summary Judgment and converted it to such by its Order dated July 2, 2020. ECF No. 11.

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 196 n. 3 (5th Cir.1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC,* 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading[s] are presented to and not excluded

3

by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Rule 12(d) requires only that the non-movant be given notice that "the district court could treat the motion as one for summary judgment, not [whether] the court would in fact do so." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir. 1990) (citing *Isquith,* 847 F.2d at 193). "A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review." *Guiles v. Tarrant Cnty. Bail Bond Bd.,* 456 F. App'x 485, 487 (5th Cir. Jan. 5, 2012).

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The party moving for summary judgment has the initial burden to prove there is no genuine issue of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the non-movant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458

(5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## ANALYSIS

To bring a claim under Section 205(g) of the Social Security Act, Jamison must show that she brought her complaint within the sixty-day statute of limitations or that she has equitable grounds for tolling the statute of limitations.

Judicial review of Title XVI Social Security disability claims is limited to actions brought within sixty-days after notice of the final decision is mailed. *See* 42 U.S.C. § 405(g). Mailing is defined as the date that the individual receives the Appeals Council's notice of denial. *See* 20 C.F.R. §§ 404.981. Mailing is presumed to be five days after the date on the notice unless there is a reasonable showing to the contrary made to the Appeals Council. *See id.* §§ 404.901, 416.1401, 422.210(c). Thus, the deadline for filing an action is sixty-five days from the date of the denial notice. Congress imposed this strict statute of limitations "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The finality of the Commissioner's decision is also emphasized in the

federal statute stating that no decision by the Commissioner is reviewable except as provided under Section 205(g). *See* 42 U.S.C. § 405(h).

Jamison did not file her complaint within the sixty-day statute of limitations. Her notice of the Commissioner's final decision is dated October 21, 2019, meaning that she had until December 20, 2019, to file her appeal. Jamison filed her Complaint on January 17, 2020—twenty-seven days after the expiration of the statute of limitations. Accordingly, her complaint is untimely.

The undersigned notes that there is no dispute that Jamison received notice of the Appeals Council's action in a timely fashion. The Commissioner mailed Jamison the Notice of Appeals Council Action to 37 Grant Gill Lane, Wichita Falls, Texas 76302. ECF No. 8-1 at 3, 25. Jamison appears to still reside or have access to this address, as she signed her Complaint with the 37 Grant Gill Lane address and attached a copy of the Notice of Appeals Council Action to the Complaint. *See* ECF No. 1 at 1, 5-9.

As the movant for summary judgment, Defendant established that Jamison failed to bring her claim within the sixty-day statute of limitations or to raise equitable grounds for tolling the statute of limitations through proper summary judgment evidence. Jamison filed no response to Defendant's Motion, and thus did not show that there is any issue of fact regarding her failure to meet the deadline for appealing the Commissioner's action. She never responded to Defendant's Motion, did not raise equitable grounds for tolling, and did not explain why she was unable to file her complaint timely.

Even if the Court considered it as a response, Jamison's unverified statement attached to her Complaint does not support equitable tolling of the sixty-day filing deadline. The statement alludes to Jamison's speaking with someone on the telephone, presumably an employee of the Social Security Administration, who told her that she had to "go to the courthouse to file a federal

appeal" but who "didn't explain" that there was a deadline to file. ECF No. 1 at 4. Jamison does not allege that the person on the telephone mislead her, only that he did not explain to her that there was a deadline. *Id.* However, the Notice of Appeals Council Action, which Jamison attached to the Complaint, clearly stated that she had to file her civil action within sixty days or ask the Appeals Council for an extension of the sixty-day deadline. *Id.* at 6-7. Jamison's "to whom it may concern" statement shows that she missed the filing deadline and knew that she had done so.

At best, Jamison's statement shows ignorance of the law as the reason she missed the filing deadline. The law is clear, though, that "lack of knowledge of applicable filing deadlines ... unfamiliarity with the legal process ... lack of representation ... [or] ignorance of legal rights" is insufficient to support a claim for equitable tolling. *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991) (internal citations omitted); *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir.1989) (plaintiff must "demonstrate sufficient diligence in bringing her claim to warrant the application of equitable principles ... [E]quity is not intended for those who sleep on their rights").

Defendant properly proved that Jamison failed to meet the sixty-day deadline for filing her Complaint and did not assert facts that would support a claim of equitable tolling. Despite having numerous opportunities to respond to Defendant's Motion, Jamison did not file a response and did not raise a fact issue on whether equitable tolling of the filing deadline should apply. Thus, Defendant has shown that no actual controversy exists and is entitled to summary judgment as a matter of law.

## CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendant's Motion to Dismiss, ECF No. 8, construed as and

converted to a Motion for Summary Judgment under Rule 56, and **DISMISS** Plaintiff's claims with prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on July 30, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE